

**Service of Process Transmittal**
03/13/2020
CT Log Number 537384504

| | |
|---|---|
| **TO:** | Christy Crovello<br>MetLife Auto & Home<br>700 Quaker Ln, Law Department Area 2C<br>Warwick, RI 02886-6669 |
| **RE:** | **Process Served in Louisiana** |
| **FOR:** | Metropolitan Property and Casualty Insurance Company  (Domestic State: RI) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Shari L. Rawls, Pltf. vs. Metropolitan Casualty Insurance Company and Metropolitan Property and Casualty Insurance Company, Dfts. |
| **DOCUMENT(S) SERVED:** | Letter(s), Citation, Petition |
| **COURT/AGENCY:** | 16th Judicial District Court, Parish of St. Mary, LA<br>Case # 134623 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Baton Rouge, LA |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 03/13/2020 postmarked on 03/11/2020 |
| **JURISDICTION SERVED:** | Louisiana |
| **APPEARANCE OR ANSWER DUE:** | Within 15 days after service |
| **ATTORNEY(S) / SENDER(S):** | Nicholas F. Larocca, Jr.<br>Nicholas F. Larocca, Jr., Ltd.<br>607 Brashear Avenue<br>P.O. Box 2466<br>Morgan City, LA 70381-2466<br>985-385-4800 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/13/2020, Expected Purge Date: 03/18/2020<br><br>Image SOP<br><br>Email Notification,  CTSERVICEOF PROCESS  mahsuit@metlife.com<br><br>Email Notification,  Christy Crovello  CCrovello@MetLife.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>155 Federal St Ste 700<br>Boston, MA 02110-1727 |
| **For Questions:** | 800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

Page 1 of  1 / DL

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT A

R. KYLE ARDOIN
SECRETARY OF STATE
P.O. BOX 94125
BATON ROUGE, LA 70804-9125

Case 6:20-cv-00605-RRS-CBW  Document 1-1  Filed 05/13/20  Page 2 of 12 PageID #: 7





U.S. POSTAGE >> PITNEY BOWES

ZIP 70802 $ 004.20⁰
02 4W
0000367315 MAR 11 2020

7019 1120 0000 2373 6150



SS104 (R 06/18)

70816#4378 C070

# State of Louisiana
## Secretary of State

- 03/11/2020

Legal Services Section
P.O. Box 94125, Baton Rouge, LA 70804-9125
(225) 922-0415

METROPOLITAN PROPERTY & CASUALTY INSURANCE COMPANY
C/O CT CORPORATION SYSTEM
3867 PLAZA TOWER DR
BATON ROUGE, LA 70816

Suit No.: 134623
16TH JUDICIAL DISTRICT COURT
SAINT MARY PARISH

SHARI L. RAWLS
vs
METROPOLITAN CASUALTY INSURANCE COMPANY, ET AL

Dear Sir/Madam:

I am enclosing a citation served in regard to the above entitled proceeding. If you are not the intended recipient of this document, please return it to the above address with a letter of explanation. All other questions regarding this document should be addressed to the attorney that filed this proceeding.

Yours very truly,

R. KYLE ARDOIN
Secretary of State

Served on: R. KYLE ARDOIN
Served by: L KLING

Date: 03/10/2020
Title: DEPUTY SHERIFF

No: 1154041



TG

# CITATION

| | | |
|---|---|---|
| SHARI L RAWLS<br><br>Vs. No. 134623 Div "H"<br><br>METROPOLITAN CASUALTY<br>INSURANCE COMPANY, ET AL |  | STATE OF LOUISIANA<br><br>16th JUDICIAL DISTRICT COURT<br><br>PARISH OF ST. MARY |

To: METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, THROUGH ITS AGENT, SECRETARY OF STATE, 8585 ARCHIVES AVENUE, BATON ROUGE, LA 70809

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation or to file your answer or other pleading to said petition in the office of the Clerk of the 16th Judicial District Court in the St. Mary Parish Court House in the City of Franklin in said Parish within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS MY HAND AND OFFICIAL SEAL OF OFFICE AT FRANKLIN, LOUISIANA, FEBRUARY 20, 2020.

SERVED ON
R. KYLE ARDOIN

MAR 10 2020

CLERK'S OFFICE, FRANKLIN, LA   SECRETARY OF STATE   **CLIFF DRESSEL**
COMMERCIAL DIVISION   Clerk of Court
St. Mary Parish, Louisiana
16th Judicial District Court

FEB 20 2020
A true copy of the original
Attest _____
Dy. Clerk of Court

_____
Deputy Clerk of Court

**SPACE BELOW FOR SHERIFF'S RETURN**

[ SERVICE ]

| | | |
|---|---|---|
| SHARI L. RAWLS | * | 16TH JUDICIAL DISTRICT COURT |
| VS. NO. __1 3 4 6 2 3__ Div. "__DIV. "H"__" | * | |
| | * | PARISH OF ST. MARY |
| METROPOLITAN CASUALTY INSURANCE COMPANY AND/OR METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY | * | STATE OF LOUISIANA |

## PETITION FOR DAMAGES

The petition of SHARI L. RAWLS ("Petitioner"), residents of the full age of majority, of the Parish of St. Mary, State of Louisiana respectfully represent, that:

1.

The Defendant is METROPOLITAN CASUALTY INSURANCE COMPANY AND/OR METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY ("MCI"), a foreign insurer authorized to do and doing business in the State of Louisiana.

2.

On or about March 7, 2019 at approximately 3:45 o'clock p.m., Petitioner was occupying the vehicle of Dayna A. Felterman as guest passenger.

3.

The vehicle being operated by Petitioner's host driver was proceeding in a northerly direction on U.S. Highway 61 (Airline Highway in Baton Rouge, Louisiana) near its intersection with Alco Street.

4.

At the approximate time and date set out in the preceding paragraph, a vehicle was being operated by Willis Constant in an easterly direction on Alco Avenue.

5.

At all pertinent times the intersection of U.S. Highway 61 and Alco Avenue is controlled by a stop sign on Alco Avenue with the traffic on U.S. Highway 61, being the favored thoroughfare and possessing the preferential right of way.

6.

As Willis approached the intersection he either failed to stop in obedience of the stop sign or having stopped, failed to yield the right of way to the vehicle being occupied by Petitioner, unlawfully entering the intersection and causing a collision between the vehicle occupied by Petitioner and the vehicle being operated by Willis.

7.

The accident, collision and damages hereinabove described was caused by the negligence of WILLIS, which negligence consisted of but was not limited to the following particulars:

a. In failing to maintain control of his motor vehicle;

b. In being inattentive and distracted while attempting to operate a motor vehicle;

c. In failing to stop at the stop sign;

d. In failing to yield the right of way to the vehicle occupied by Petitioner;

e. In operating his vehicle at an excessive speed under the circumstances;

f. In failing to see that which he should have seen, and if he saw, in failing to act in a reasonable and prudent manner; and,

g. In otherwise being careless and negligent in the premises.

8.

As a result of the collision described above, Petitioner was thrown about violently in the vehicle, unexpectedly and with great force, causing severe permanent and disabling injuries to her persons, and causing her extreme physical pain, suffering and disability.

9.

That as a direct and proximate result of the negligence and carelessness of Willis, Petitioner has received serious personal injuries, some or all of which are permanent; as a result of this, petitioner has suffered continuous physical pain and mental distress; has suffered a permanent diminished capacity to enjoy life; has sustained loss of income and diminished earning capacity; has incurred medical bills for treatment and care, and will continue to do so in the future.

10.

Petitioner alleges upon information and belief that at the time of the collision described above, Willis was an underinsured motorist.

11.

Petitioner further alleges upon information and belief that at the time of the collision described above, MCI had issued and in full force and effect, by the payment of premiums or otherwise, a policy of automobile insurance providing uninsured motorist coverage and medical payments coverage, which said policy afforded coverage in favor of Petitioner for the damages and injuries complained of herein as the result of the negligence of Willis.

WHEREFORE, Petitioners pray that:

1. The defendant be served with a copy of this petition, and a citation commanding it to appear and answer same.

2. After the lapse of all legal delays and proceedings had, there be judgment in favor of Petitioner, SHARI L. RAWLS and against defendant, METROPOLITAN CASUALTY

INSURANCE COMPANY AND/OR METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, in such sums deemed reasonable in the premises, together with interest thereon, from the date of judicial demand until paid, all courts costs, and such other general and equitable relief as may be just in the premises.

BY ATTORNEY FOR PETITIONERS:

_____
Nicholas F. LaRocca, Jr. (#8045)
NICHOLAS F. LaROCCA, JR., LTD.
(A Professional Law Corporation)
607 Brashear Avenue
P.O. Box 2466
Morgan City, LA 70381-2466
(985) 385-4800

**PLEASE SERVICE DEFENDANT:**

METROPOLITAN CASUALTY INSURANCE COMPANY
through its agent for service of process:
LOUISIANA SECRETARY OF STATE
8585 Archives Avenue
Baton Rouge, Louisiana 70809

METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY
through its agent for service of process:
LOUISIANA SECRETARY OF STATE
8585 Archives Avenue
Baton Rouge, Louisiana 70809

**CLERK'S OFFICE, FRANKLIN, LA**

FEB 2 0 2020

A true copy of the original

Attest _____
Dy. Clerk of Court

RECEIVED AND FILED

FEB 1 8 2020

s/Jennifer R. Splane
DY. CLERK OF COURT

| | |
|---|---|
| SHARI L. RAWLS | NO. 134623    DIVISION  H |
| VERSUS | 16th JUDICIAL DISTRICT COURT |
| METROPOLITAN CASUALTY INSURANCE COMPANY AND/OR METROPOLITAN PROPERTY AND AND CASUALTY INSURANCE COMPANY | PARISH OF ST MARY<br><br>STATE OF LOUISIANA |

## ANSWER TO PETITION FOR DAMAGES

### JURY DEMAND

**NOW INTO COURT**, through undersigned counsel comes Defendant, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY**, which answers the Petition for Damages filed against it by the Plaintiff as follows:

1.

Metropolitan Property and Casualty Insurance Company admits it is a foreign insurer authorized to do and doing business in the State of Louisiana. The remaining allegations of paragraph 1 of the Petition for Damages are denied.

2.

The allegations of paragraph 2 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

3.

The allegations of paragraph 3 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

4.

The allegations of paragraph 4 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of paragraph 5 of the Petition for Damages are denied for lack of information to justify a belief therein.

6.

The allegations of paragraph 6 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

7.

The allegations of paragraph 7 of the Petition for Damages, including all sub-parts are denied.

8.

The allegations of paragraph 8 of the Petition for Damages are denied.

9.

The allegations of paragraph 9 of the Petition for Damages are denied.

10.

The allegations of paragraph 10 of the Petition for Damages are denied.

11.

The allegations of paragraph 11 of the Petition for Damages are as written for the policy of insurance is the best evidence of its content and it is incorporated herein by reference as if copied in extenso.

12.

The allegations of the last unnumbered paragraph beginning WHEREFORE of the Petition for Damages, including all sub-parts, are denied.

**NOW HAVING ANSWERED** the allegations of the Petition for Damages, paragraph by paragraph, Defendant further asserts as follows:

### FIRST DEFENSE

In the event that the injuries and damages of the plaintiff, if any, were solely caused by the contributory negligence, comparative negligence, or assumption of the risk of the plaintiff then this claim should be dismissed. Alternatively, the damages allowed, if any, should be reduced by the percentage of fault allocated to the plaintiff.

### SECOND DEFENSE

To the extent that this accident was or may have been the result of the actions or inactions of other defendants or third parties who are not named as defendants to this suit and over which this Defendant had no authority or control, then Defendant asserts that the fault for the accident should be allocated to those persons or entities.

### THIRD DEFENSE

If the evidence shows that the injuries and damages to the plaintiff, if any, pre-existed the

accident, and were not aggravated by the accident then Defendant should not be held accountable for those injuries.

**FOURTH DEFENSE**

If the evidence shows that the plaintiff has failed to mitigate damages then Defendant is entitled to a reduction in the amount of damages owed, if any.

**FIFTH DEFENSE**

To the extent that plaintiff's damages were caused in whole or in part by a superseding and/or intervening cause or accident, then Defendant should not be held accountable for those damages.

**SIXTH DEFENSE**

Defendant asserts entitlement to a credit and/or offset for amounts paid to the Plaintiff for this accident by any person or entity, or available to compensate Plaintiff for the alleged damages including all policies of automobile liability, medical payments, and/or uninsured/underinsured insurance.

**SEVENTH DEFENSE**

Defendant asserts that Plaintiff has been compensated for the alleged loss or will be compensated by other policies of insurance, and that it has not been arbitrary, capricious or without probable cause in its handling of this claim.

**EIGHTH DEFENSE**

In the event that any of Plaintiff's medical expenses have been paid by Medicaid or Medicare or are subject to an attorney discount then this Defendant, should it be cast in judgment for Plaintiff's medical expenses, is entitled to the same "write-off" or discount, and any evidence of the medical expenses that were written-off or discounted are irrelevant, are not damages, and should be excluded from the evidence presented in this case.

**NINTH DEFENSE**

In the event that any portion or all of Plaintiff's claim has been assigned, subrogated or transferred in any way to any other person or entity then the Defendant asserts that Plaintiff has no right of action to pursue such claims against this Defendant.

**JURY TRIAL DEMANDED**

Defendant requests a trial by jury of all issues in this matter.

**WHEREFORE**, Defendant, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY**, respectfully prays for judgment dismissing the Plaintiff's claims against the Defendant, with prejudice, and at Plaintiff's costs.

Respectfully submitted,

**SCHUTTE, TERHOEVE, RICHARDSON, EVERSBERG, CRONIN, JUDICE & BOUDREAUX**

BY: _____
**ANDREW W. EVERSBERG (26026)**
501 Louisiana Avenue
Baton Rouge, LA 70802
Telephone: (225) 387-6966
Fax: (225) 387-8338
Email: Drew@501LA.com

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has this day been emailed to:

Mr. Nicholas F. LaRocca, Jr.    *Via Email:  nlarocca@laroccalaw.com*
507 Brashear Avenue
P.O. Box 2466
Morgan City, LA  70381-2466

Baton Rouge, Louisiana, this 27th day of March 2020.

_____
ANDREW W. EVERSBERG

4

| | |
|---|---|
| SHARI L. RAWLS | NO. 134623     DIVISION  H |
| VERSUS | 16th JUDICIAL DISTRICT COURT |
| METROPOLITAN CASUALTY INSURANCE COMPANY AND/OR METROPOLITAN PROPERTY AND AND CASUALTY INSURANCE COMPANY | PARISH OF ST MARY<br><br>STATE OF LOUISIANA |

## REQUEST FOR WRITTEN NOTICE

TO:   Clerk of Court, 16TH JDC
       St. Mary Parish
       500 Main Street
       Franklin, LA  70538

In accordance with the Louisiana Code of Civil Procedure, particularly but not necessarily limited to Articles 1572, 1913, and 1914, you are hereby requested to give us, as counsel for the Defendant, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY**, written notice of any trial or hearing at least (10) ten days in advance thereof, whether on exceptions, rules or the merits thereof, and you are further requested to send us immediate written notice of any order, judgment, or decree entered herein.

Respectfully submitted,

**SCHUTTE, TERHOEVE, RICHARDSON, EVERSBERG, CRONIN, JUDICE & BOUDREAUX**

BY: _____
**ANDREW W. EVERSBERG (26026)**
501 Louisiana Avenue
Baton Rouge, LA 70802
Telephone: (225) 387-6966
Fax: (225) 387-8338
Email: Drew@501LA.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has this day been emailed to:

Mr. Nicholas F. LaRocca, Jr.          *Via Email:  nlarocca@laroccalaw.com*
507 Brashear Avenue
P.O. Box 2466
Morgan City, LA  70381-2466

Baton Rouge, Louisiana, this 27th day of March 2020.

_____
ANDREW W. EVERSBERG